1  ROD M. FLIEGEL, Bar No. 168289
   rfliegel@littler.com
2  TIANA R. HARDING, Bar No. 299189
   tharding@littler.com
3  LITTLER MENDELSON, P.C.
   101 Second Street
4  Suite 1000
   San Francisco, California 94105
5  Telephone:  415.433.1940
   Fax No.:    415.399.8490
6
7  Attorneys for Defendant
   CHECKR, INC.
8
9              UNITED STATES DISTRICT COURT

10             NORTHERN DISTRICT OF CALIFORNIA

11

| TADEH DAVTIAN, individually and on behalf of all others similarly situated, | Case No. |
|---|---|
| Plaintiffs, | **NOTICE TO FEDERAL COURT OF REMOVAL OF CIVIL ACTION** |
| v. | **[28 U.S.C. §§ 1331, 1367, 1441, and 1446]** |
| UBER TECHNOLOGIES, INC., a Delaware corporation; CHECKR, INC., a Delaware corporation; and does 1 to 100, inclusive, | Complaint Filed:  June 20, 2024 (San Francisco Superior Court Case No. CGC-24-615615) |
| Defendants. | |

LITTLER MENDELSON, P.C.
101 Second Street
Suite 1000
San Francisco, CA 94105
415.433.1940

NOTICE OF REMOVAL OF CIVIL ACTION
TO FEDERAL COURT

CASE NO.

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA, PLAINTIFF TADEH DAVTIAN, AND HIS ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that Defendant CHECKR, INC. ("Defendant") hereby removes the above-entitled action from the Superior Court for the State of California, County of San Francisco, to the United States District Court for the Northern District of California. This removal is brought pursuant to 28 U.S.C. §§ 1331, 1367, 1441(a) and (b), and 1446.

## I.   INTRODUCTION

1. On June 20, 2024, Plaintiff filed a Complaint against Defendant in San Francisco Superior Court entitled "*TADEH DAVTIAN, individually and on behalf of all others similarly situated v. UBER TECHNOLOGIES, INC., a Delaware corporation; CHECKR, INC., a Delaware corporation; and DOES 1 to 100, inclusive*" (hereinafter the "State Court Action"). *See* Declaration of Rod Fliegel ("Fliegel Decl.") at ¶ 2, **Exhibit A**.

2. Plaintiff's Complaint asserts the following three causes of action based on Plaintiff's alleged employment with Defendant Uber Technologies, Inc. ("Uber"): (1) Violations of the Fair Credit Reporting Act, 15 U.S.C. §1681b(b)(1); (2) Violations of the Fair Credit Reporting Act, 15 U.S.C. §1681b(b)(2); and (3) Violations of the California Investigative Consumer Reporting Agencies Act, Cal. Civ. Code §1786 *et seq*. *Id*.

3. On July 22, 2024 and again on July 26, 2024, Plaintiff served Defendant with a Summons, Complaint, Civil Case Cover Sheet, and Notice to Plaintiff. *Id*. at ¶ 3, **Exhibits B-C**.

4. On July 22, 2024 and again on July 26, 2024, Plaintiff served Uber with a Summons, Complaint, Civil Case Cover Sheet, Notice to Plaintiff, and Alternative Dispute Resolution Package. *Id*. at ¶ 4, **Exhibits D-E**.

5. On August 7, 2024, the San Francisco County Superior Court issued an Order Denying Complex Designation For Failure to File Application Requesting Designation. *Id*. at ¶ 5, **Exhibit F**.

6. Defendant filed and served an Answer to Plaintiff's Complaint on August 14, 2024. *Id*. at ¶ 6, **Exhibit G**.

LITTLER MENDELSON, P.C.
101 Second Street
Suite 1000
San Francisco, CA 94105
415.433.1940

NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT

CASE NO.

7.     3.     No other pleadings or orders have been served or filed by any parties in this action. *Id*. at ¶ 6.

## II.     REMOVAL IS TIMELY

8.     This Notice of Removal is timely filed under 28 U.S.C. § 1446(b) as it has been filed within 30 days of the date of service of the Summons and Complaint on Defendant on July 22, 2024.

## III.     REMOVAL JURISDICTION BASED ON THE PRESENTATION OF A FEDERAL QUESTION

9.     This Court has original jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1441 because Plaintiff alleges violations of a federal statute: the Fair Credit Reporting Act ("FCRA") (15 U.S.C. § 1681 et seq.).[1]

10.     "The district courts shall have original jurisdiction of all actions arising under the Constitution, laws or treaties of the United States."  28 U.S.C. § 1331.  In deciding whether a suit arises under federal law, the district court must abide by the "well pleaded complaint" rule, under which a suit arises under federal law only when the plaintiff's statement of his own cause of action shows that it is based on federal law. *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987).

11.     This case clearly arises under federal law. Two of the causes of action in Plaintiff's Complaint – the first and second causes of action for asserted failure to make proper disclosures and obtain proper certifications and authorizations – expressly allege violations of the federal FCRA.  As a result, the Complaint seeks a determination of whether Defendant violated federal law. Thus, this Court has original jurisdiction over this action. *See Camarillo v. Balboa Thrift & Loan Ass'n,* 2021 WL 409726, at *5 (S.D. Cal. Feb. 4, 2021) (district court had original jurisdiction over plaintiff's claims brought under the FCRA).

12.     Because this Court has original jurisdiction over this action, removal of this case to federal court is proper.  28 U.S.C. § 1441.

13.     When a district court has original jurisdiction over a civil action pursuant to 28 U.S.C. § 1331, the district court can also exercise concurrent jurisdiction of the state law claims included in

---

[1] Class Action Complaint at ¶¶ 1, 14-41, 45-61.

NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT     3     CASE NO.

LITTLER MENDELSON, P.C. 101 Second Street Suite 1000 San Francisco, CA 94105 415.433.1940

said action that "form part of the same case or controversy" as the federal law claims. 28 U.S.C. § 1367(a).

14. Plaintiff's California state law claims are based on the same facts, events, transactions, and occurrences as his FCRA claims, and are so related to his FCRA claim as to form part of the same case and controversy.[2] Therefore, the Court has supplemental jurisdiction over these state law claims pursuant to 28 U.S.C. § 1367(a). *See Swany v. Title Source, Inc.*, 2017 WL 3021042, at *4 (N.D. Cal. July 17, 2017) (finding supplemental jurisdiction because claims all arose "out of a cohesive narrative: defendant's conduct towards plaintiff in his capacity as an employee"). Alternatively, the Court has jurisdiction over the remaining claims pursuant to 28 U.S.C. § 1441(c) because the Court has original jurisdiction over two of the claims in this action.

8. By filing the Notice of Removal, Defendant does not waive any objections it may have concerning Plaintiff's claims or the claims he purports to assert on behalf of the putative class members. **Defendant intends no admission of fact or law by this Notice and reserves all of its defenses, including its right to move to compel Plaintiff to submit his dispute with Defendant to individual arbitration based on the arbitration agreement Plaintiff entered into with Defendant**.

IV. **VENUE**

9. The State Court Action is pending in the Superior Court of California for the County of San Francisco. Thus, it is proper for Defendant to remove this action to the United States District Court for the Northern District of California, pursuant to 28 U.S.C. §§ 84(c), 1391(a), and 1441(a).

V. **INDIVIDUAL AND DOE DEFENDANTS**

10. No individual defendants are named in this action. Defendant is informed, believes, and therefore asserts that none of the "Doe" defendants in this case have been identified or served. Doe Defendants designated 1 to 100 are fictitious, are not parties to this action, have not been served, and are to be disregarded for the purpose of this removal. 28 U.S.C. § 1441(a). For this reason, the Doe Defendants need not be joined in this removal.

11. The only other named Defendant, Uber, consents to this removal.

---

[2] Class Action Complaint at ¶¶ 62-67.

NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT    4    CASE NO.

## VI. NOTICE TO PLAINTIFF AND STATE COURT

12. Promptly after the filing of this Notice of Removal in this Court, written notice of such filing will be given by the undersigned to Plaintiff's counsel of record, and a copy of the Notice of Removal, including exhibits, will be filed with the San Francisco County Superior Court Clerk, as required by 28 U.S.C. § 1446(d).

13. Counsel for Defendant has signed this Notice of Removal in compliance with the requirements of 28 U.S.C. § 1446(a) and Rule 11 of the Federal Rules of Civil Procedure.

WHEREFORE, based on the foregoing, Defendant gives notice that it has removed to this Court the Action now pending in San Francisco County Superior Court.

## **CONCLUSION**

WHEREFORE, Defendant prays that the above-referenced action now pending against it in the Superior Court of California, San Francisco County, be removed therefrom to this Court.

Dated: August 15, 2024

LITTLER MENDELSON, P.C.

ROD M. FLIEGEL
TIANA R. HARDING

Attorneys for Defendant
CHECKR, INC.

4882-6170-3891.6 / 091435-1553

LITTLER MENDELSON, P.C.
101 Second Street
Suite 1000
San Francisco, CA
94105
415.433.1940

NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT     5     CASE NO.